UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 20-140** |
| **DORIAN WILLIAMS** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant Dorian William's Motion for Early Termination of Supervised Release (Doc. 95).

On February 24, 2025, Defendant Dorian Williams filed a *pro se* motion requesting early termination of his term of supervised release. In October 2022, Defendant was sentenced to a term of 84 months imprisonment and three years' supervised release for possession with intent to distribute five kilograms or more of cocaine and money laundering. Defendant was released from federal prison on February 1, 2024. Accordingly, Defendant has completed more than one year of his term of supervised release.

In his Motion, Defendant asks this Court to release him from further supervision. Defendant contends only that he has been in full compliance with

the terms of his supervision and has maintained employment. The Government opposes his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has failed to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] Although the Court finds Defendant's rehabilitation laudable, he has completed less than half of his supervised release. The Court finds that given the nature of Defendant's

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

offense, continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

New Orleans, Louisiana this 1st day of May, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**